**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KEVIN WILLIAMS, | : | CIVIL NO: 1:15-CV-00975 |
| | : | |
| Plaintiff, | : | |
| | : | (Judge Rambo) |
| v. | : | |
| | : | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, *et al.*, | : | |
| | : | |
| | : | (Magistrate Judge Schwab) |
| Defendants. | : | |
| | : | |

## REPORT AND RECOMMENDATION

Plaintiff Kevin Williams, a/k/a Kirby Stewart, ("Williams"), an inmate at the State Correctional Institution in Marienville, Pennsylvania, filed this civil rights action on May 19, 2015 (*see doc. 1*), against the Pennsylvania Department of Corrections and some of its employees, along with an application (*doc. 2*) for leave to proceed *in forma pauperis*. After determining that Williams had not filed the proper application to proceed *in forma pauperis*, nor had he filed the requisite authorization form, *doc. 6* at 1 n.1, the Clerk of Court issued an administrative order (*doc. 6*), informing Williams that, within thirty days of the date of the administrative order, he must either file the proper *in forma pauperis* application and authorization form, or he must pay the full filing fee. On June 8, 2015, Williams filed the proper application (*doc. 8*), along with the requisite

authorization form (*doc. 9*). The Clerk of Court issued an administrative order (*doc. 10*) the following day, directing the financial department at Williams's place of confinement to begin remitting, in monthly installments, the full filing fee from his prison account. Shortly thereafter, a payment of $7.21 was posted on June 30, 2015, and an additional payment of $8.57 was posted on July 8, 2015.

Pursuant to the Three-Strikes Rule, codified at 28 U.S.C. § 1915(g), however, the Court, by order dated August 4, 2015, denied Williams applications (*docs. 2*, *8*) to proceed *in forma pauperis*. *See doc. 13*. As explained in the order, Williams acknowledged that he had filed three or more actions or appeals in a court of the United States that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *Doc. 13* at 1. As further explained in the order, Williams denied that he was proceeding under the imminent danger exception to the Three Strikes Rule. *Id*. Moreover, a cursory review of Williams's complaint led the Court to the conclusion that his claims did not set forth the imminent danger that is required to fall within this exception. *Id.* Thus, the Court ordered Williams to either pay the filing fee or show cause that he was seeking relief because he was in fact under imminent danger or because he had not actually amassed three strikes. *Id.* at 1-2. Williams filed objections to this order (*see doc. 14*), and Judge Rambo, by Memorandum (*doc. 15*) and Order (*doc. 16*), affirmed the undersigned's order, concluding that Williams's two objections, (1)

that he only filed one previous case, and (2) that he was in fact under imminent danger of serious physical injury, to be unavailing. *Doc. 15* at 2-3. Accordingly, Judge Rambo ordered Williams to pay, on or before September 4, 2015, the full filing fee for this case. *Doc. 16*. Judge Rambo further cautioned Williams that a failure to do so would "result in dismissal of this action." *Id.*

After Judge Rambo remanded this matter to the undersigned, a payment in the amount of $6.00 was posted on November 9, 2015, and an additional payment of $5.00 was posted on December 8, 2015. No other payments have been posted in this matter, and the time for doing so has long since passed. *See doc. 16* (ordering Williams "to pay the full filing fee for this case no later than September 4, 2015"). Thus, Williams, despite being ordered to do so, and despite being given ample time to do so, has still not paid the full filing fee of $400.00. *See doc. 6* at 1 n.2 (explaining that if *in forma pauperis* status is denied, the plaintiff will be required to pay $400.00).

Accordingly, **IT IS RECOMMENDED** that this action be dismissed for Williams's failure to submit the full filing fee. **IT IS ALSO RECOMMENDED** that the <u>**Clerk of Court**</u> be directed to vacate the administrative order (*doc. 10*) previously issued and to cease withdrawing any monies from Williams's prison account for the purpose of paying the filing fee in this matter. **IT IS FURTHER RECOMMENDED** that any monies, which have been withdrawn in this action,

be refunded to Williams.  *See Ferrell v. Beard*, No. 3:CV-08-0370, 2008 WL 919713, at *2 (M.D. Pa. 2008) (dismissing prisoner's civil rights action for failure to submit the full filing fee and ordering Clerk of Court to refund the prisoner any money that had been previously withdrawn, if in fact, such money had been withdrawn).  And finally, in light of the Court's foregoing recommendations, **IT IS RECOMMENDED** that Williams's pending motions (*doc. 21*, *23*) be **DENIED** as moot.

> The Parties are further placed on notice that pursuant to Local Rule 72.3:
>
> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own

determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this **21st day** of  **March, 2016**.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge