IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN WILLIAMS,** | : | |
| **Plaintiff** | : | **Civ. No. 1:15-cv-0975** |
| | : | |
| **v.** | : | |
| | : | **Magistrate Judge Schwab** |
| **PENNSYLVANIA DEPARTMENT** | : | |
| **OF CORRECTIONS,** *et al.*, | : | |
| | : | **Judge Rambo** |
| **Defendants** | : | |

# M E M O R A N D U M

Before the court is a report and recommendation filed by the magistrate judge (Doc. 26), in which she recommends that this civil rights action be dismissed for failure to pay the full filing fee. Plaintiff  Kevin Williams ("Williams") has filed objections. (Doc. 27.)

## I.  Background

Williams filed this action on May 19, 2015. (Doc. 1.) On June 8, 2015, Williams filed the proper application to proceed *in forma pauperis* (Doc. 8), along with the requisite authorization form (Doc. 9). On June 30, 2015 and July 8, 2015, Williams paid two monthly installments on the filing fee. However, by order dated August 4, 2015, the magistrate judge denied Williams application to proceed *in forma pauperis*. (Doc. 13.)

The magistrate judge's denial was based on 28 U.S.C. § 1915(g), which states:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The magistrate judge found that Williams had 3 or more actions or appeals that were dismissed as frivolous, malicious, or for failure to state a cause of action, and that Williams was not in imminent danger. (Doc. 13.) This finding was based on Williams' own admission set forth in his application to proceed *in forma pauperis*:

> 3.  Have you, prior to the filing of the complaint in this action and while a prisoner as that term is defined in 28 U.S.C. § 1915(h), brought 3 or more actions or appeals in a court of the United States that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted?
>
> [Answer: Yes]
>
> (a) If the answer is "yes," are you now seeking relief because you are under imminent danger of serious physical injury?
>
> [Answer: No]

(*See* Doc. 8, pp. 1-2.)  This form was filled out under penalty of perjury. Williams filed objection to the report and recommendation. By memorandum and order of this court, the magistrate judge's report and recommendation was affirmed

and Williams was ordered to pay the full filing fee by September 4, 2015. (Doc. 16.) This matter was remanded back the magistrate judge. Since the full filing fee has not been paid, the instant report and recommendation  recommends dismissal of this action.

Williams argues that he does not qualify for the three strike provision and that this court has him confused with another person. (Docs. 14 & 27.)

## II.       <u>Discussion</u>

In its memorandum of August 17, 2015, this court listed the following 42 U.S.C. § 1983 cases that Williams has filed in this or other courts within the Third Circuit:

1)  Number 1:88-CV-01860 (M.D. Pa.), filed November 14, 1988, closed February 28, 1989 for failure to prosecute;

2)  Number 1:00-CV-01146 (M.D. Pa.), filed August 27, 2000 pursuant to 28 U.S.C. § 1915(e);

3)  Number 1:01-CV-02312 (M.D. Pa.), filed February 5, 2001. This case went to trial, however, at the end of the presentation of Plaintiff's case, judgment was rendered against the remaining defendants. Other defendants were granted judgment before trial. Case terminated November 4, 2003;

4)  Number 2:00-CV-03898 (E.D. Pa.), filed August 2, 2000, closed on August 7, 2000 pursuant to 28 U.S.C. § 1915(e);

5) Number 3:90-CV-02110 (M.D. Pa.), filed December 1, 1990, dismissed as frivolous on April 1, 1993;

6) Number 1:05-CV-00774 (M.D. Pa.), filed April 18, 2005, dismissed as frivolous on July 17, 2006;

7) Number 3:13-CV-00096 (W.D. Pa.), filed May 1, 2013, dismissed on January 14, 2014; affirmed by the Third Circuit Court of Appeals on May 7, 2014.

(Doc. 15, p. 2.)

Since that memorandum and order, a Third Circuit opinion was handed down addressing the requirements for determining whether a dismissed complaint qualifies for counting as a qualified strike. In *Millhouse v. Sage, et al.*, --- F. App'x ---, Civ. No. 14-cv-3845, 2016 WL 537450 (3d Cir. Feb. 11, 2016), the Third Circuit stated that "a strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A9(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Id.* at *1 (citation omitted).

With that standard in mind, a review of the following cases is required:

1) Number 1:88-cv-01860 (M.D. Pa.) filed November 14, 1988 and closed on February 28, 1989 for failure to prosecute. This case does not qualify for a strike.

2) Number 1:00-cv-01146 (M.D. Pa.) filed on June 27, 2000 became Number 2:00-cv-0398 (E.D. Pa.) and closed on August 7, 2000 pursuant to 28 U.S.C. § 1915(e) without prejudice. This case does not qualify for a strike.

3) Number 1:01-cv-2312 (M.D. Pa.) filed December 5, 2001. Although this case went to trial, at the end of the presentation of Plaintiff's case judgment was rendered in favor of the remaining defendants. The other defendants were granted judgment before trial. This case does not qualify for a strike as only one claim was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

4) See above.

5) Number 3:90-cv-02110 (M.D. Pa.) filed December 1, 1990. This case was dismissed as frivolous on July 17, 2002, and counts as a strike.

6) Number 1:05-cv-00774 (M.D. Pa.) filed April 18, 2005. This case was dismissed on a grant of summary judgment pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (*See* Doc. No. 47 of Civ. No. 1:05-cv-00774 at p. 4.) This qualifies as a strike.

7) Number 3:13-cv-00091 (W.D. Pa.) filed May 1, 2013 and dismissed on January 14, 2014; affirmed by the Third Circuit Court of Appeals on May 7,

2014. The lower court dismissed the complaint for failure to state a claim and without leave to amend. On appeal, the Third Circuit affirmed the dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). This action counts for two strikes. *See Millhouse*, 2016 WL 537450 at *2 ("[A] strike under § 1915(g) will accrue only if the entire action *or appeal* is (1) dismissed . . . .") (emphasis supplied).

Based upon *Millhouse*, this court finds that Williams has four cases that qualify for strikes and therefore meets the threshold for the three strike provision.

In his objections to the report and recommendation, Williams claims that he has only filed one lawsuit in the Middle District of Pennsylvania and that the court is confusing him with another litigant by the same name. However, in all of the cases cited in this memorandum, the prisoner identification number has always been the same and purports to be assigned to Kevin Williams a/k/a Kirby Stewart.

For the foregoing reasons, the report and recommendation will be adopted.

 

 

     s/Sylvia H. Rambo      
      United States District Judge

Dated: April 26, 2016